# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52196-2-II |
| Respondent, | |
| v. | |
| RANDY JAMAL BLOUNT, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — A jury convicted Randy Blount of second degree assault and found that he committed the assault while in possession of a firearm. On appeal, Blount argues that the trial court abused its discretion by requiring him to register as a felony firearm offender and that the judgment and sentence contains a clerical error. The State concedes the clerical error.

Blount also raises two issues in a statement of additional grounds (SAG) for review, arguing that a witness was not credible and that the trial court erred by granting the State's motion to exclude expert testimony regarding a diminished capacity defense.

We hold that the trial court did not abuse its discretion by requiring Blount to register as a felony firearm offender, but we agree that the judgment and sentence contains a clerical error. Further, we hold that Blount does not raise reversible errors in his SAG. Thus, we affirm Blount's conviction and felony firearm offender registration determination, but remand for correction of the clerical error.

FACTS

A verbal dispute arose between Blount and his family members, and Daniel Tomei in the parking lot of their apartment complex. During the verbal altercation, Blount pointed a handgun at Tomei. Blount was charged with second degree assault, and the matter proceeded to a jury trial.

Witness testimony regarding the details of the incident varied. Tomei testified that he walked over to Blount's apartment to speak with Blount's cousin. Blount came out of his apartment to address Tomei. Tomei testified that Blount took out a handgun, cocked it, and pointed it at Tomei. Further, Tomei stated that Blount said he would kill Tomei.

Tomei's daughter testified that she approached the verbal altercation to remove Tomei from the situation. She saw Blount pointing a gun at Tomei and yelling that Blount would kill Tomei.

Blount also testified. Blount stated that he awoke to his mother yelling at someone from their apartment window. Blount went to the window and saw his cousin outside arguing with Tomei. Blount testified that Tomei refused to leave. This made Blount anxious because Blount has post-traumatic stress disorder (PTSD). Blount grabbed a handgun and went outside. Blount testified that the handgun was not loaded at that time. Blount aimed the gun at Tomei and demanded that he leave. Blount testified that he had his finger on the trigger and pointed the gun at Tomei's face and head.

On July 3, 2018, the jury found Blount guilty of second degree assault and found that Blount was armed with a firearm during the commission of the crime. Blount's judgment and sentence erroneously states that Blount was found guilty on July 9, 2018.

At sentencing, the State chose not to make a recommendation regarding whether Blount should be required to register as a felony firearm offender and deferred to the trial court. The State acknowledged that Blount did not have a criminal history, but emphasized Blount's anger and hostility. During the sentencing court's explanation of Blount's sentencing, the State inquired about a felony firearm offender registration, and the court responded, "Yes, I am going to require firearm registration." 2 Verbatim Report of Proceedings (VRP) at 376. The sentencing court did not orally elaborate on this ruling. However, Blount's judgment and sentence stated that the sentencing court considered "evidence of the defendant's propensity for violence that would likely endanger persons." Clerk's Papers at 120.

Blount appeals his sentence, specifically, the imposition of the felony firearm registration requirement.

ANALYSIS

I. FELONY FIREARM OFFENDER

Blount argues that the trial court abused its discretion by requiring Blount to register as a felony firearm offender. Specifically, Blount argues that the trial court failed to consider the necessary factors before imposing the requirement. We disagree.

Under RCW 9.41.330(1), a trial court "may, in its discretion," require a defendant convicted of a felony firearm offense to register as a felony firearm offender under RCW 9.41.333. In determining whether to exercise this discretion, RCW 9.41.330(2) provides that a trial court "shall" consider "all relevant factors," including three specific, nonexclusive factors: (1) the defendant's criminal history, (2) whether the defendant had "previously been found not

guilty by reason of insanity of any offense," and (3) evidence of the defendant's "propensity for violence that would likely endanger persons."

Because a trial court's decision to impose the registration requirement is discretionary, we review the decision for an abuse of discretion. RCW 9.41.330; *State v. Sherman*, 59 Wn. App. 763, 767 n.2, 801 P.2d 274 (1990). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. *State v. Garcia*, 179 Wn.2d 828, 844, 318 P.3d 266 (2014).

Blount appears to argue that the sentencing court abused its discretion by (1) not articulating on the record its reason for imposing the registration requirement, (2) not considering all three statutorily enumerated factors, and (3) by checking the box regarding evidence of Blount's propensity for violence when the record lacked evidence of such a propensity.

First, a trial court is not required to articulate its reasoning on the record for imposing a firearm registration requirement. *See* RCW 9.41.330. Second, RCW 9.41.330(2) requires a sentencing court to consider "all relevant factors," and then enumerates three suggested factors. The statute does not require a sentencing court to articulate a consideration of every factor considered when imposing the felony firearm offender registration requirement. RCW 9.41.330. And third, trial testimony showed Blount's propensity for violence that would likely endanger persons. Blount's own testimony acknowledged that he pointed a handgun at Tomei, other witnesses testified that Blount said he would kill Tomei, and the State referenced Blount's anger and hostility during sentencing. Blount also argues that his lack of criminal history refutes a propensity for violence, but criminal history is a separate statutory factor. RCW 9.41.330(2).

4

During sentencing, Blount and the State acknowledged that Blount did not have a criminal history. Blount seems to be arguing that a lack of criminal history prohibits the imposition of a firearms registration requirement, but this is not the case. Although the statute says the trial court "shall consider" a defendant's criminal history, it does not state that a lack of criminal history precludes imposition of this registration requirement. RCW 9.41.330.

The sentencing court was presented with evidence of Blount's propensity for violence and noted its decision by checking the corresponding box on the judgment and sentence. We hold that the sentencing court did not abuse its discretion when it based its decision on Blount's propensity for violence that would likely endanger persons.[1]

## II. CLERICAL ERROR

Blount argues that this court should remand to correct a clerical error in his judgment and sentence. The State concedes this error. We agree with the parties and remand to the trial court to correct the judgment and sentence.

Clerical mistakes in judgments may be corrected at any time. CrR 7.8(a). The remedy for correcting a clerical error in a judgment and sentence is remand to the trial court for correction. *State v. Coombes*, 191 Wn. App. 241, 255, 361 P.3d 270 (2015).

Here, Blount's judgment and sentence states that the jury returned its verdict on July 9, 2018. However, the jury returned its verdict on July 3, 2018. We remand to the trial court to correct this clerical error.

---

[1] On the record before us, we hold that the trial court did not abuse its discretion. However a more meaningful appellate review would have been possible had the sentencing court stated on the record its reasoning for imposing the felony firearm registration requirement.

III. STATEMENT OF ADDITIONAL GROUNDS

In his SAG, Blount claims that (1) witnesses offered inconsistent testimony and (2) his mental health was not considered during the proceeding. We hold that Blount fails to raise reversible issues in his SAG.

A.    *Additional Facts*

Before trial, the State moved to exclude testimony from Blount's expert, Dr. Jack Litman. Dr. Litman interviewed Blount and produced a psychological evaluation which acknowledged that Blount suffers from PTSD. Dr. Litman concluded that Blount thought his family was in danger during the verbal altercation and as a result, brandished the handgun in an attempt to rescue them. Blount planned to use Dr. Litman's testimony to support a diminished capacity defense. However, the State argued that Dr. Litman's testimony merely explained Blount's reasoning behind his actions. After a hearing, the trial court granted the State's motion to exclude Dr. Litman's testimony regarding diminished capacity.

B.    *Additional Ground 1: Tomei's Testimony*

In its entirety, Blount's additional ground 1 states, "There are incongruities in the victims [sic] statements to the police, being inconsistent and contradicting with the facts of the case. As well he has previous criminal history of harassment on others." SAG at 1. Blount appears to challenge Tomei's credibility. But we do not review credibility determinations on appeal. *State v. Lazcano*, 188 Wn. App. 338, 363, 354 P.3d 233 (2015). We hold that Blount's additional ground 1 does not raise any reversible error.

6

D.      *Additional Ground 2: Dr. Litman's Report*

In its entirety, Blount's additional ground 2 states, "Factors concerning my mental health were not considered and taken into account during the trial.  I was diagnosed with PTSD and it contributed to my thoughts and influenced my actions."  SAG at 1.  Blount appears to assert that the trial court erred when it excluded Dr. Litman's report.  We disagree.

A criminal defendant does not have the right to present irrelevant evidence.  *State v. Lord*, 161 Wn.2d 276, 294, 165 P.3d 1251 (2007).  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  ER 401.  We review a trial court's decision to exclude evidence for an abuse of discretion.  *Lord*, 161 Wn.2d at 294.

For a diminished capacity defense, a defendant must produce expert testimony "demonstrating that a mental disorder, not amounting to insanity, impaired the defendant's ability to form the culpable mental state to commit the crime charged."  *State v. Atsbeha*, 142 Wn.2d 904, 921, 16 P.3d 626 (2001).  Expert testimony must be relevant under ER 401 and admissible under ER 702.  *Atsbeha*, 142 Wn.2d at 921.  Under ER 702, expert testimony must be helpful to the jury.  *Atsbeha*, 142 Wn.2d at 921.

Here, Dr. Litman's testimony was not relevant or helpful to the jury because it did not establish that Blount lacked the capacity to form intent.  Rather, Dr. Litman's testimony established that Blount formed a goal of protecting his family and carried out that goal-directed activity by brandishing a handgun.  Dr. Litman's testimony explains why Blount did what he did.  However, it does not establish a diminished capacity to form intent.  Thus, Dr. Litman's

testimony did not establish grounds for presenting a diminished capacity defense. Accordingly, the trial court did not abuse its discretion when excluding Dr. Litman's testimony. We hold that Blount does not raise reversible error in his SAG.

We affirm Blount's conviction and felony firearm offender registration requirement, but remand for correction of the clerical error.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

Melnick, J.

Sutton, A.C.J.